# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | |
| § | CASE NUMBER 6:21-CR-00051-JCB-JDL |
| PAUL WAYNE HOLT, § | |
| § | |
| Defendant. § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On February 10, 2022 the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Paul Holt. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matthew Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offense of Using, Carrying, and Possession of a Firearm During and in Relation to a Drug Trafficking Offense (Count 4) and Unlawful Possession of a Weapon by a Convicted Felon (Count 5), a Class A and Class C felony. The United States Sentencing Guideline range for this offense, based on a total offense level of 31 and a criminal history category of IV, was 151 to 188 months as to Count 4 and 120 months as to Count 5. On November 5, 2003, District Judge Sam A. Lindsey sentenced Defendant to 240 months (120 months on each Count to run consecutive) imprisonment followed by five years of supervised release (on both Counts to run concurrent), subject to the standard conditions of release, plus special conditions to include financial disclosure, and substance abuse testing and treatment. On July 19, 2019, Defendant completed his term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from excessive use of alcohol and to not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician. In Allegation 4 of its petition, the government alleges Defendant violated the conditions of his supervised release when he submitted drug tests that were positive for methamphetamine on April 23 and June 4, 2021. If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine on two occasions, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade A or B violation, the court shall revoke the term of supervision. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade B violation is 12 to 18 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in Allegation 4 of the government's petition. In exchange, the government agreed to recommend to the court a sentence of 12 months and 1 day imprisonment, with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Paul Holt's plea of true be accepted and he be sentenced to a term of 12 months and 1 day imprisonment, with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at FMC Fort Worth and receive drug treatment, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 11th day of February, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE